IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LARRY BLAKELY, EDWARD BROOME, NGAM CHAY, SOVUTH CHHITH, NEOMI CHRISTIAN, GEORGE DAVIS, HUNG MANH DO, ROEN EM, EDWARD GAUNICHAUX, JILL GRIMES, SAMOL KEA, POV KEO, SOVANN KEO, CHANSOKOUN KONG, SUN KONG, CHLAV LIM, SE LIM, CHHOUB LOY, EANG MOONG, TOLIDA NGIN, PHUN OEUNG, TOEUN PICH, MUNEE SAM, VUTHY SAY, GERALDINE SCANDRETT, LINDA SIMPSON, SOEUN SOK, HONG THAI SON, LIEN TRINH and DERRICK WILKERSON, <br><br> Plaintiffs, <br><br> v. <br><br> CLAYTON COUNTY SCHOOL DISTRICT, <br><br> Defendant. | Civil Action No.: <br><br> JURY TRIAL DEMANDED |

COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT

COME NOW Plaintiffs, Larry Blakely, Edward Broome, Ngam Chay, Sovuth Chhith, Neomi Christian, George Davis, Hung Manh Do, Roen Em, Edward Gaunichaux, Jill Grimes, Samol Kea, Pov Keo, Sovann Keo, Chansokoun

1

Kong, Sun Kong, Chlav Lim, Se Lim, Chhoub Loy, Eang Moong, Tolida Ngin, Phun Oeung, Toeun Pich, Munee Sam, Vuthy Say, Geraldine Scandrett, Linda Simpson, Soeun Sok, Hong Thai Son, Lien Trinh and Derrick Wilkerson ("Plaintiffs"), by and through their undersigned counsel, on behalf of themselves and all other similarly situated employees of Defendant Clayton County School District ("CCSD"), and allege the following Complaint pursuant to 29 U.S.C. §201, et seq., the Fair Labor Standards Act ("FLSA"). The classification of this case is 710, Fair Labor Standards Act.

## INTRODUCTION

Plaintiffs are custodians who are or were employed by the Clayton County School District. The CCSD classifies custodians as non-exempt employees, subject to the wage and overtime protections of the Fair Labor Standards Act ("FLSA"). CCSD established a schedule for custodians under which they were required to work a 9-hour day, including 8 paid hours of work and a 1-hour unpaid lunch period. According to the meal-period policy contained in CCSD's Compensation Handbook, in order for meal periods to be counted as unpaid, employees were to be "completely relieved from all duties during the period." In fact, Plaintiffs were *not* completely relieved of duties during their lunch breaks, as they would regularly receive calls (on handheld radio "walkie-talkies" that they

were required to carry and keep turned on) from administrators, school office personnel, or teachers directing them to respond to various custodial needs.

## PARTIES

1. Plaintiffs are custodians who are or were employed by the Clayton County School District in the period since August of 2012.

2. Plaintiffs have been employees of CCSD as defined by § 203(e)(1) of the Fair Labor Standards Act.

3. Defendant CCSD is the public school system for Clayton County, Georgia and employs in excess of 1,000 people. The headquarters of the system is located in Jonesboro, Clayton County, Georgia.

4. At all times relevant to this action, CCSD was an enterprise engaged in commerce as defined by §203(s)(1) of the FLSA.

5. At all times relevant to this action, CCSD was an employer as defined by §203(d) of the FLSA.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 as a federal question, arising under the laws of the United States.

7. Defendant is subject to jurisdiction in this District as it regularly transacts business in the State of Georgia and operates public education facilities in this District.

## RELEVANT FACTS

8. The CCSD classifies custodians as non-exempt, hourly employees, subject to the wage and overtime protections of the FLSA.

9. In this action, Plaintiffs and similarly situated current and former employees of CCSD seek to recover unpaid overtime compensation and such other benefits of employment to which they are entitled under the FLSA. For at least three years prior to filing this Complaint, CCSD has improperly required Plaintiffs and similarly situated employees to work in excess of 40 hours per week without compensation, by failing to pay them for lunch break periods during which they were required to work.

10. During the time period covered by this Complaint, CCSD established a schedule for custodians under which they were required to work a 9 hour day, were to be paid for 8 hours of work and were to receive a one-hour unpaid lunch period.

11. This schedule was distributed to school administrators and posted online.

12. Plaintiffs' schedules at their schools were set by school administrators.

13. At all times relevant to this action, Plaintiffs were paid a monthly salary, once per month.

14. Plaintiffs carried handheld radio "walkie-talkies" at all times while they were at school, including during lunch break periods.

15. Plaintiffs had the radio "walkie-talkies" turned on during their lunch periods.

16. Plaintiffs were told by school administrators to keep their radio "walkie-talkies" on at all times.

17. Plaintiffs were regularly interrupted during their lunch breaks by calls on their radio "walkie-talkies" from administrators, school office personnel, or teachers requesting them to attend to various custodial tasks.

18. These calls from administrators, school office personnel or teachers during lunch break periods asked Plaintiffs to respond to sick children, clean up vomit, attend to toilet overflows or bathroom flooding, or handle deliveries of supplies and equipment to the schools, among other duties.

19. Plaintiffs believed they were subject to discipline if they failed to respond to these calls from administrators, school office personnel or teachers during their lunch breaks.

20. U.S. Department of Labor regulations state that a "bona fide meal period" must be a "rest period" during which "[t]he employee must be completely relieved from duty for the purposes of eating regular meals." 29 C.F.R. § 785.19(a).

21. The regulation also states that: "The employee is not relieved if he is required to perform any duties, whether active or inactive, while eating," such as when an office worker is required to eat at his or her desk or a factory worker is required to eat at his or her machine.

22. Defendant's own policies reflect this U.S. Department of Labor regulation: Under Defendant's established policy on meal periods, contained in its Compensation Handbook, in order for meal periods to be counted as unpaid, employees are to be "completely relieved from all duties during the period."

23. A CCSD Director of Human Resources, Damaris Garrett, testified under oath in recent litigation that "completely relieved from all duties" meant "that they are not required or expected to perform duties—or responsibilities related to their work position."

24. The CCSD Chief of Human Resources, Douglas Hendrix, testified under oath in recent litigation that if a custodian was called during a break by the school office to go clean up a mess in a school bathroom the custodian was not "completely relieved from all duties."

25. The CCSD Deputy Superintendent, Jacquelyn Hubbert, who was the CCSD Chief of Human Resources Officer from 2004 to 2008, testified under oath in recent litigation as follows: Q: In your view, what is meant by "completely relieved of all duties during the period? A: No duties during that period. Q: No duties of any kind? A: It says "completely relieved." I think that's what it means."

26. Plaintiffs were not completely relieved of duties during their lunch breaks.

27. Despite the schedule requiring a one-hour lunch period, during the period prior to April, 2014 (and in the case of some Plaintiffs continuing beyond that date), at least fifteen of the Plaintiffs had been *scheduled* by their school administrators to take only a 30-minute lunch period or less.

28. Defendant's clear policy was that custodians were to receive an uninterrupted hour for lunch.

29. Defendant had no policy, procedure, protocol or other mechanism in place to assure or monitor that custodians in its schools were receiving a full uninterrupted hour for lunch.

30. Defendant's Chief of Human Resources, Douglas Hendrix, agreed in testimony under oath in recent litigation that if custodians were not receiving a full hour for lunch, they would be entitled to overtime pay.

31. A Director of Human Resources for Defendant, Damaris Garrett, also agreed in testimony under oath in recent litigation that if custodians were not receiving a full hour lunch break, but working during lunch, those hours would have to be paid at an overtime rate.

32. In addition to Douglas Hendrix and Damaris Garrett, Samuel Coger, the Defendant's Director of Maintenance, and Jacquelyn Hubbert, the Defendant's Deputy Superintendent, also agreed in testimony under oath in recent litigation that because of the structure of the custodian's schedules the failure to provide a full one-hour lunch break would require the payment of overtime.

33. The Defendant has previously been the subject of two complaints to the U.S. Department of Labor over its failure to properly pay overtime under the FLSA, including one complaint involving custodians.

34. In the spring or early summer of 2011, CCSD custodians told the Director of Maintenance, Samuel Coger, that they were not getting their full meal breaks.

35. Mr. Coger testified under oath in recent litigation that he reported these statements to a Director of Human Resources, Damaris Garrett.

36. In April of 2014, Defendant changed its timekeeping practices at some schools and began to direct that some custodians clock out at the beginning of their lunch period and clock in at the end of their lunch period.

37. Despite this change in Defendant's practices, many Plaintiffs were not required to clock out and in for their lunch period, and did not do so.

38. Despite this change in Defendant's practices, many Plaintiffs who clocked out and in for their lunch period still received calls to do custodial work, and did custodial work during their lunch periods in response to those calls, even though clocked out.

39. In addition to working during their unpaid lunch periods, some Plaintiffs have been required to work more than 40 hours in any given week, without overtime, due to being required to work after their scheduled work hours, for example at PTA meetings or other after-school events.

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

40. Plaintiffs reincorporate the foregoing paragraphs 1 through 39 as if fully set forth herein.

41. The provisions set forth in §§206 and 207 of the FLSA apply to CCSD, Plaintiffs and all similarly situated employees who were covered by the FLSA while they were employed by CCSD.

42. Plaintiffs and other similarly situated employees were not exempt and were entitled to be paid overtime for all hours in excess of 40 that they worked in any week.

43. CCSD has failed and refused to pay Plaintiffs and other similarly situated employees according the provision of the FLSA.

44. The systems, practices and duties required of Plaintiffs, while employed at CCSD have existed for at least three years.

45. At all times relevant to this action, Defendant CCSD has been aware of the requirements of the FLSA and its regulations.

46. Despite Defendant's knowledge of the requirements of the FLSA and its regulations, CCSD has failed and refused to pay its employees in accordance with the FLSA.

47.	There are numerous other similarly situated employees and former employees of CCSD who have been improperly compensated in violation of the FLSA by being required to work during their lunch periods without compensation and who would benefit from the issuance of Court-Supervised Notice of the present lawsuit and the opportunity to join this lawsuit.  Those similarly situated employees and former employees are readily known, identifiable and locatable by CCSD.

48.	All custodial employees and former employees of CCSD identified as non-exempt hourly employees or who otherwise regularly worked 8-hour shifts while being required to work during their lunch periods would benefit from Court-Supervised Notice and the opportunity to join this lawsuit and should be so notified.

49.	Defendant CCSD has engaged in a widespread pattern and practice of violating the FLSA by requiring Plaintiffs and others similarly situated to work more than 40 hours per week while not compensating them at the rate of one and one-half times their normal hourly rate for that work.

50.	As a direct and proximate result of CCSD's violation of the FLSA, Plaintiffs, as well as others similarly situated, have suffered damages by failing to receive compensation due and owing to them pursuant to §207 of the FLSA.

51. Defendant CCSD's actions in failing to compensate Plaintiffs and others similarly situated, in violation of the FLSA, were willful and intentional.

52. As a result of CCSD's willful action, in addition to the amount of unpaid wages and benefits due and owing to Plaintiffs and others similarly situated, Plaintiffs are also entitled to recover an equal amount as liquidated damages pursuant to 29 U.S.C. §216(b), in addition to prejudgment interest on those damages.

53. Defendant CCSD has not made a good faith effort to comply with the FLSA.

54. Plaintiffs and others similarly situated are entitled to an award of attorneys' fees pursuant to 29 U.S.C. §216(b).

## JURY DEMAND

55. Plaintiffs request that all issues in this action be tried by a jury.

WHEREFORE, Plaintiffs and other similarly situated persons, pursuant to §216(b) of the FLSA respectfully request that this Court:

A. Issue an order at the soonest possible time to all of CCSD's employees during the three years immediately preceding the filing of this suit, and to all other potential plaintiffs who may be similarly situated, informing them that

this action has been filed, the nature of the action, and their right to opt-into this claim if they were required to carry a radio walkie-talkies and were interrupted to respond to calls for custodial work during their lunch periods, and were not compensated for working such hours in excess of 40 in any week at an overtime rate, pursuant to 29 U.S.C. §216(b);

    B.    Award all such plaintiffs damages in the amount of their respective unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b), plus prejudgment interest;

    C.    Award Plaintiffs all costs and expenses of this litigation, including attorneys' fees;

    D.    Grant such other and further relief as this Court deems necessary based upon the facts and circumstances of this case.

Respectfully submitted,

/s/ David J. Worley
David J. Worley (Ga. Bar No. 776665)
James M. Evangelista (Ga. Bar No. 707807)
Madeline E. McNeeley (Ga. Bar No. 460652)
HARRIS PENN LOWRY, LLP
400 Colony Square
1201 Peachtree Street, NE
Suite 900
Atlanta, Georgia 30361
(404)961-7650
david@hpllegal.com

jim@hpllegal.com
molly@hpllegal.com

Neil S. Hyman
LAW OFFICE OF NEIL S. HYMAN, LLC
4416 East West Highway, Suite 400
Bethesda, Maryland  20814
Phone:  (301)841-7105
Fax:  (301)986-1301
neil@neilhymanlaw.com
[Pro Hac Vice application to be filed]

*Counsel for Plaintiffs*