IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EDWARD BROOME, NGAM CHAY, SOVUTH CHHITH, NEOMI CHRISTIAN, GEORGE DAVIS, HUNG MANH DO, ROEN EM, EDWARD GAUNICHAUX, SOPHY GNEP, JILL GRIMES, KHEANG HAS, SAMOL KEA, POV KEO, SOVANN KEO, KIMCHHAY KHIEV, CHANSOKOUN KONG, SUN KONG, CHLAV LIM, SE LIM, CHHOUB LOY, KHONNY MOM, EANG MOONG, TOLIDA NGIN, PHUN OEUNG, TOEUN PICH, SOPHAL POM, MUNEE SAM, VUTHY SAY, GERALDINE SCANDRETT, HOUT SENG, LINDA SIMPSON, BOUAPHANH SINGHA, SOEUN SOK, HONG THAI SON, LIEN TRINH and DERRICK WILKERSON,<br><br>　　　Plaintiffs,<br><br>v.<br><br>CLAYTON COUNTY SCHOOL DISTRICT,<br><br>　　　Defendant. | Civil Action No.:<br>1:15-cv-03066-SCJ<br><br>JURY TRIAL DEMANDED |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT BETWEEN DEFENDANT AND PLAINTIFFS EDWARD BROOME, NGAM CHAY, SOVUTH CHHITH, NEOMI CHRISTIAN, GEORGE DAVIS, HUNG MANH DO, ROEUN EM, EDWARD GAUNICHAUX, SOPHY GNEP, JILL GRIMES, KHEANG HAS, SAMOL KEA, POV KEO, SOVANN KEO, KIMCHHAY KHIEV, CHANSOKOUN KONG, SUN KONG, CHLAV LIM,**

## SE LIM, CHHOUB LOY, KHONNY MOM, EANG MOONG, TOLIDA NGIN, PHUN OEUNG, TOEUN PICH, SOPHAL POM, MUNEE SAM, VUTHY SAY, GERALDINE SCANDRETT, HOUT SENG, LINDA SIMPSON, BOUAPHANH SINGHA, SOEUN SOK, HONG THAI SON, LIEN TRINH, AND DERRICK WILKERSON AND DISMISSAL WITH PREJUDICE OF SAID PLAINTIFFS' CLAIMS

Plaintiffs Edward Broome, Ngam Chay, Sovuth Chhith, Neomi Christian, George Davis, Hung Manh Do, Roeun Em, Edward Gaunichaux, Sophy Gnep, Jill Grimes, Kheang Has, Samol Kea, Pov Keo, Sovann Keo, Kimchhay Khiev, Chansokoun Kong, Sun Kong, Chlav Lim, Se Lim, Chhoub Loy, Khonny Mom, Eang Moong, Tolida Ngin, Phun Oeung, Toeun Pich, Sophal Pom, Munee Sam, Vuthy Say, Geraldine Scandrett, Hout Seng, Linda Simpson, Bouaphanh Singha, Soeun Sok, Hong Thai Son, Lien Trinh, and Derrick Wilkerson (collectively, "Settling Plaintiffs") and Defendant Clayton County School District ("CCSD") (collectively, the "Parties"), by and through their undersigned counsel, jointly move this Court to enter an Order approving the settlement entered into by the Parties[1] and dismissing the Settling Plaintiffs' claims in their entirety, with

---

[1] This settlement is the result of Court referred mediation conducted on February 23, 2016 before the Hon. Russell Vineyard, United States Magistrate Judge. The Parties had hoped to present this settlement to the Court by March 8, 2016, but acquiring all 36 settlement agreements took slightly longer than anticipated, and rather than file several motions the Parties waited an additional week to obtain all agreements and file only one joint motion before the Court.

prejudice, by consent of the Parties.[2]  In support of this Motion, the Parties state the following:

1.   The Settling Plaintiffs worked as custodians for CCSD at any time since August 31, 2012.  Plaintiffs allege that CCSD violated the Fair Labor Standards Act, 29 U.S.C. § § 201 *et seq.* ("FLSA") by improperly requiring them to work in excess of 40 hours per week by failing to pay them for lunch break periods during which they were required to work without overtime compensation. (Doc. 1 at ¶9).

2.   CCSD denies the Settling Plaintiffs' allegations in their entirety and denies any violation of the FLSA.  CCSD asserts that, at all times relevant to the Settling Plaintiffs' employment as custodians at CCSD, Settling Plaintiffs were not improperly required to work in excess of 40 hours per week without overtime compensation.

3.   Pursuant to the FLSA, claims for back wages and other damages arising under the FLSA may be settled or compromised with the approval of the district court or the Secretary of Labor.  *See* 29 U.S.C. § 216 (b); *Lynn's Food*

---

[2] Should this Joint Motion be approved, the claims of each Plaintiff will have been resolved and the case may be completely dismissed.

*Stores, Inc. v. U.S.*, 679 F.2d 1350, 1354 (11th Cir. 1982); *see also Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945).  The Parties therefore file this Joint Motion and request that this Court approve the Parties' settlement.  To do so, the Court must determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.  *See Lynn's Food Stores, Inc.*, 679 F.2d at 1353, 1355.

4.   The Parties expressly agree that the Settlement Agreement and Release between the Parties (the "Agreement") represents a fair and equitable resolution of this matter given the risks inherent in continued litigation.  There is a bona fide dispute regarding whether the Settling Plaintiffs worked in excess of 40 hours per week without overtime compensation.

5.   The Settling Plaintiffs are to receive the following amounts as total settlement of their claims brought against CCSD in this lawsuit: Edward Broome: $14,812.49; Ngam Chay: $8,236.37; Sovuth Chhith: $10,932.86; Neomi Christian: $11,254.29; George Davis: $14,812.49; Hung Manh Do: $12,780.68; Roeun Em: $11,788.36; Edward Gaunichaux: $7,764.27; Sophy Gnep: 6,198.88; Jill Grimes: $11,076.07; Kheang Has: $8,842.99; Samol Kea: $17,229.80; Pov Keo: $10,932.86; Sovann Keo: $11,630.30; Kimchhay Khiev: $6,198.88; Chansokoun Kong: $8,265.19; Sun Kong: $12,489.77; Chlav Lim: $11,790.66; Se Lim:

3

$11,852.75; Chhoub Loy: $10,472.92; Khonny Mom: $8,376.83; Eang Moong: $11,073.91; Tolida Ngin: $7,764.27; Phun Oeung: $11,354.06; Toeun Pich: $11,788.36; Sophal Pom: $8,805.23; Munee Sam: $11,324.65; Vuthy Say: $9,553.03; Geraldine Scandrett: $8,490.14; Hout Seng: $7,012.89, Linda Simpson: $11,078.23; Bouaphanh Singha: $11,211.02; Soeun Sok: $7,764.27; Hong Thai Son: $12,921.70; Lien Trinh: $11,822.85; and Derrick Wilkerson: $10,295.66.

6. The Settling Plaintiffs will each receive two checks from CCSD. For one-third (33.33%) of each settlement amount for each Plaintiff, to be considered back pay, tax withholdings and other withholdings required by law will be deducted from the settlement amounts and CCSD will report these amounts to the IRS via Form W-2. For one-third (33.33%) of each settlement amount for each Plaintiff, to be considered liquidated damages pay, no tax withholdings and other withholdings will be deducted from the settlement amounts and CCSD will report these amounts to the IRS via Form 1099.

7. One-third (33.33%) of each Plaintiff's settlement amount will be deducted to pay attorney fees and expenses of Plaintiffs' attorneys.

8. Because the Defendant has taken steps prior to the inception of this litigation to ensure compliance with the FLSA in the areas where Plaintiffs have alleged violations, the damages of the Settling Plaintiffs are not likely to increase

significantly through continued litigation. Continuing the litigation only serves to increase the attorney fees with little if any benefit to the parties.  Thus, Plaintiffs' counsel represents that this settlement is fair to both the Settling Plaintiffs and their counsel. Plaintiffs' counsel believe that this settlement results in the payment to the Plaintiffs of 92.9% of their FLSA back pay *after* the payment of attorney fees and expenses.

9. Copies of the Parties' Agreement are attached as Exhibits 1 through 36.  The terms of this Agreement are contingent upon approval by the Court. Thus, the Parties respectfully request that the Court approve their Agreement and issue an Order dismissing the Settling Plaintiffs' claims in their entirety and with prejudice, but retaining jurisdiction, as necessary, to enforce the Parties' Agreement.

10. The Parties negotiated the terms of the Agreement at arms-length and in good faith, at a Mediation ordered by this Court, under the auspices of U.S. Magistrate Judge Russell Vineyard, conducted on February 23, 2016.  This settlement allows the Parties to avoid the significant time, expense and uncertainty of protracted litigation involving the Settling Plaintiffs.  Settlement is also a reasonable means for the Parties to minimize future risks and litigation.

11. All Parties have been represented, at all times, by experienced counsel. There has been sufficient investigation and discovery with respect to the Settling Plaintiffs' claims in this matter to allow counsel to act intelligently and to make an informed decision regarding settlement.

WHEREFORE, the Parties respectfully request that this Court: (1) grant their Joint Motion for approval of their settlement to settle the Settling Plaintiffs' claims in this case; and (2) dismiss the Settling Plaintiffs' claims in their entirety, with prejudice, but retain jurisdiction as necessary to enforce the Parties' settlement. The Parties are available at the Court's convenience for a teleconference to discuss the settlement terms, if necessary. A proposed Order is attached.

Respectfully submitted this 16th day of March, 2016.

Consented to by:                    Consented to by:

*/s/ David J. Worley*               */s/ Lauren A. Nations*
Counsel for Plaintiffs              Counsel for Defendant

David J. Worley                     Charles L. Bachman, Jr.
Ga. Bar No. 776665                  Georgia Bar No. 030545
david@hpllegal.com                  cbachman@gregorydoylefirm.com
James M. Evangelista                Lauren A. Nations
Ga. Bar No. 707807                  Georgia Bar No. 301299
jim@hpllegal.com                    lnations@gregorydoylefirm.com

| | |
|---|---|
| HARRIS PENN LOWRY, LLP<br>400 Colony Square<br>1201 Peachtree Street, Suite 900<br>Atlanta, GA 30361<br>(404)961-7650 | GREGORY, DOYLE, CALHOUN &<br>ROGERS LLC<br>49 Atlanta Street<br>Marietta, GA 30060<br>(770) 422-1776 |

Neil S. Hyman *(admitted pro hac vice)*
neil@neilhymanlaw.com
LAW OFFICE OF NEIL S.
HYMAN, LLC
7315 Wisconsin Avenue
Suite 500W
Bethesda, Maryland 20814

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EDWARD BROOME, NGAM CHAY, SOVUTH CHHITH, NEOMI CHRISTIAN, GEORGE DAVIS, HUNG MANH DO, ROEN EM, EDWARD GAUNICHAUX, SOPHY GNEP, JILL GRIMES, KHEANG HAS, SAMOL KEA, POV KEO, SOVANN KEO, KIMCHHAY KHIEV, CHANSOKOUN KONG, SUN KONG, CHLAV LIM, SE LIM, CHHOUB LOY, KHONNY MOM, EANG MOONG, TOLIDA NGIN, PHUN OEUNG, TOEUN PICH, SOPHAL POM, MUNEE SAM, VUTHY SAY, GERALDINE SCANDRETT, HOUT SENG, LINDA SIMPSON, BOUAPHANH SINGHA, SOEUN SOK, HONG THAI SON, LIEN TRINH and DERRICK WILKERSON, <br><br> Plaintiffs, <br><br> v. <br><br> CLAYTON COUNTY SCHOOL DISTRICT, <br><br> Defendant. | Civil Action No.: <br> 1:15-cv-03066-SCJ <br><br> JURY TRIAL DEMANDED |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day I served the above and foregoing JOINT MOTION FOR APPROVAL OF SETTLEMENT BETWEEN DEFENDANT

8

AND PLAINTIFFS EDWARD BROOME, NGAM CHAY, SOVUTH CHHITH, NEOMI CHRISTIAN, GEORGE DAVIS, HUNG MANH DO, ROEUN EM, EDWARD GAUNICHAUX, SOPHY GNEP, JILL GRIMES, KHEANG HAS, SAMOL KEA, POV KEO, SOVANN KEO, KIMCHHAY KHIEV, CHANSOKOUN KONG, SUN KONG, CHLAV LIM, SE LIM, CHHOUB LOY, KHONNY MOM, EANG MOONG, TOLIDA NGIN, PHUN OEUNG, TOEUN PICH, SOPHAL POM, MUNEE SAM, VUTHY SAY, GERALDINE SCANDRETT, HOUT SENG, LINDA SIMPSON, BOUAPHANH SINGHA, SOEUN SOK, HONG THAI SON, LIEN TRINH, AND DERRICK WILKERSON AND DISMISSAL WITH PREJUDICE OF SAID PLAINTIFFS' CLAIMS and all accompanying attachments and exhibits on all parties by causing a true and correct copy to be filed with the court's electronic filing system, which should automatically send a copy to all counsel of record.

Dated:  March 16, 2016                /s/ David J. Worley
                                      David J. Worley

9